**JUDGE BRODERICK**

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

_____NEW YORK__ Division

<table>
<tr><td></td><td>)</td><td colspan="2">18 CV 4518</td></tr>
<tr><td>MICHAEL L DOTTIN</td><td>)</td><td>Case No.</td><td></td></tr>
<tr><td></td><td>)</td><td></td><td><em>(to be filled in by the Clerk's Office)</em></td></tr>
<tr><td></td><td>)</td><td></td><td></td></tr>
<tr><td><em>Plaintiff(s)</em></td><td>)</td><td>Jury Trial: <em>(check one)</em></td><td>☑ Yes ☐ No</td></tr>
<tr><td><em>(Write the full name of each plaintiff who is filing this complaint.</em></td><td>)</td><td></td><td></td></tr>
<tr><td><em>If the names of all the plaintiffs cannot fit in the space above,</em></td><td>)</td><td></td><td></td></tr>
<tr><td><em>please write "see attached" in the space and attach an additional</em></td><td>)</td><td></td><td></td></tr>
<tr><td><em>page with the full list of names.)</em></td><td>)</td><td></td><td></td></tr>
<tr><td>-v-</td><td>)</td><td></td><td></td></tr>
<tr><td></td><td>)</td><td></td><td></td></tr>
<tr><td>U.S. BANK NATIONAL ASSOCIATION</td><td>)</td><td></td><td></td></tr>
<tr><td></td><td>)</td><td></td><td></td></tr>
<tr><td>SELECT PORTFOLIO SERVICING INC.</td><td>)</td><td></td><td></td></tr>
<tr><td></td><td>)</td><td></td><td></td></tr>
<tr><td><em>Defendant(s)</em></td><td>)</td><td></td><td></td></tr>
<tr><td><em>(Write the full name of each defendant who is being sued. If the</em></td><td>)</td><td></td><td></td></tr>
<tr><td><em>names of all the defendants cannot fit in the space above, please</em></td><td>)</td><td></td><td></td></tr>
<tr><td><em>write "see attached" in the space and attach an additional page</em></td><td>)</td><td></td><td></td></tr>
<tr><td><em>with the full list of names.)</em></td><td>)</td><td></td><td></td></tr>
</table>

## COMPLAINT FOR A CIVIL CASE

**I.     The Parties to This Complaint**

    **A.     The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | MICHAEL L DOTTIN |
| Street Address | 28 JAMES CLARK DRIVE |
| City and County | MIDDLETOWN          ORANGE COUNTY |
| State and Zip Code | NEW YORK          10940 |
| Telephone Number | |
| E-mail Address | |

    **B.     The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                              U.S. BANK NATIONAL ASSOCIATION

    Job or Title *(if known)*

    *Street Address*                     425 WALNUT STREET

    City and County               CINNCINATI         HAMILTON

    State and Zip Code         OHIO          45202

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                              SELECT PORTFOLIO SERVICING INC

    Job or Title *(if known)*

    *Street Address*                     321 S DECKER LAKE DRIVE

    City and County               SALT LAKE CITY         SALT LAKE COUNTY

    State and Zip Code         UTAH          84119

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    *Street Address*

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    *Street Address*

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a *federal question case.*  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a *diversity of citizenship case.*  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal question        ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.  If the Basis for Jurisdiction Is Diversity of Citizenship

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

    The plaintiff, *(name)* MICHAEL L DOTTIN , is a citizen of the State of *(name)* NEW YORK .

    b.  If the plaintiff is a corporation

    The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

    The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* __U.S. BANK NATIONAL ASSOCIATION__ , is incorporated under

the laws of the State of *(name)* __OHIO__ , and has its

principal place of business in the State of *(name)* __OHIO__ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$540,000.00

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Plaintiff home was foreclosed without proper notification/due process  Defendant US Bank claimed they served plaintiff with a complaint for foreclosure.  Plaintiff never received the complaint. Defendant U.S. Bank lied and proceeded to get a judgment for foreclosure and sale against Plaintiff.  Plaintiff has been working with Defendant SPS, who  is known to lead homeowners astray and into a foreclosure by claiming they have not received documents from the homeowner.  This was done continuously to Plaintiff.  Plaintiff was also lead to believe that he would receive a loan modification through Defendant SPS, who is the servicer for Defendant U.S Bank.  The alleged sale of the subject property is scheduled for May 25, 2018 which must be stopped during this action.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Grant a preliminary injunction to enjoin the disposal, sale or transfer of property located at 28 James Clark Drive, Middletown NY 10940 while pending further order of this court of disposition of this case; Pray for an award or Judgment in an amount of no less than twice the $340,000.00 appraised value of Plaintiffs property as to Plaintiff in general damages, from each defendant; Cease the Orange County Court and Local Police be enjoined from any actions during the pendency of this case; An additional award of punitive and/or exemplary damages from each Defendant in an amount of $100,000.00 or as the court or jury shall deem to be fair and just at the time of

trial of this cause of action;That Plaintiff is awarded from and against each defendant, plus interest, cost and fees as allowed by law;  Order reverting the home to the plaintiff or monetary relief equivalent to the value of the home, both structural and land and all appurtenance thereto; Order Quieting Title in favor of the Plaintiff; Order that the Foreclosure Judgment be declared a nullity;  Order compelling said Defendants, and each of them, to transfer legal title of the subject property to Plaintiff herein; a judgment forever enjoining said Defendants, and each of them, from claiming any estate, right, title or interest in the subject property; For costs of suit herein incurred; Order that a Cancellation of foreclosure auction scheduled for May 25, 2018 be immediately recorded in the

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              05/21/2018

Signature of Plaintiff

Printed Name of Plaintiff     Michael L. Cotton Dottin

### B.      For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

JUDGE BRODERICK

# 18 CV 4518

United States District Court

## SOUTHERN DISTRICT OF NEW YORK

# 18 CV 4518

**MICHAEL L DOTTIN**                                    Case:

Plaintiff                                                      Hon:


Vs

**U.S. BANK N.A.**, *successor trustee to LaSalle*

Bank National Association, on behalf of the

Holders of Bear Sterns Asset Backed Securities

I Trust 2006-HE9 Asset-Backed Certificates

Series 2006-HE9, and

**SELECT PORTFOLIO SERVICING, INC**.                    *Jury Trial Requested*

Defendants.

---

Michael L Dottin
Plaintiff in Pro Per
28 James Clark Drive
Middletown, New York 10940

---

## COMPLAINT FOR DAMAGES, QUIET TITLE

Now Comes Michael L. Dottin, an individual in *propria persona* for its Complaint

for damages against Defendants, U. S. Bank, N.A., successor trustee to LaSalle Bank

National Association, on behalf of the Holders of Bear Sterns Asset Backed Securities I

Trust 2006-HE9 Asset-Backed Certificates Series 2006-HE9, and Select Portfolio

1

Servicing Inc., individually (hereinafter, unless otherwise delineated, collectively referred to as the "Defendants"), would respectfully show the court as follows:

## PARTIES, JURISDICTION AND VENUE

1. *Michael L Dottin, an individual, (hereinafter Plaintiff), residing at 28 James Clark Drive, Middletown, New York 10940.*

2. US. Bank National Association, (hereinafter "US Bank"), upon information and belief is a corporation under the laws of the State of Ohio with its principle place of business at 425 Walnut Street, Cincinnati, Ohio 45202.

3. Select Portfolio Servicing Inc., a corporation, (hereinafter, "SPS"), upon information and belief is a corporation under the laws of the State of Utah with its principal place of business at 321 S Decker Lake Drive, Salt Lake City, UT 84119.

4. Plaintiffs and the Defendants are of different states.

5. This 'Court has personal jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331.

6. Venue as related to Defendants is proper in this Court pursuant to 28 U.S.C. § 1391.

7. That the amount in controversy herein is in excess of $540,000.00 which vest this court with jurisdiction

8. That all conditions precedent to the bringing of this action have occurred or taken place. That Plaintiff, is the owner and currently resides at the subject property located at 28 James Clark Drive, Middletown, NY 10940, that certain real property situated in Orange County, State of New York.

2

9.  That Plaintiff recently became aware of an alleged Foreclosure Judgment and foreclosure sale against him from Defendant US Bank, Exhibit A.

10. That Plaintiff has applied several times for a loan modification with the Defendant SPS who is the servicer for Defendant U.S. Bank.

11. Defendant SPS is well known for leading homeowners to a path of destruction by not responding in a normal manner, sending computer generated letters and having homeowners repeatedly send their completed loan applications for a modification of their home mortgage due to a hardship.

12. That Plaintiff was required to repeatedly resend his application for a modification before Defendant SPS finally sent a one page agreement for Plaintiff to sign, in which he did, Exhibit B.

13. After several unsuccessful calls to Defendant SPS, Plaintiff became concern that he would be forced into a foreclosure if Defendant SPS and Defendant US Bank did not come to an agreed upon amount for Plaintiff.

14. That Plaintiff has tried on several occasions by making numerous calls to Defendant SPS and Defendant US Bank but has been unsuccessful to get the final new monthly payment amount or even a trial payment amount.

15. That the Defendants operate within a-controlled Scheme and ponzi/RICO-enterprise, plain, simple, and . . . period in defrauded the people such as himself from his home.

## COUNT 1

### (QUIET TITLE)

16. Plaintiffs re-alleges and incorporates herein by reference to the preceding

allegations, as though herein fully set forth.

17. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent and/or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment, because the conduct constituting the offense was engaged in, authorized, solicited, requested, commanded or knowingly tolerated by a high managerial agent acting within the scope of the agent's employment and in behalf of the corporations.

18. Upon information and belief, the Defendants had no lawful right to commence foreclosure proceedings on Plaintiff's real property. Plaintiff never received notice of any such foreclosure actions against him as he was diligently trying to get a loan modification with Defendant SPS.

19. Plaintiff is seeking to quiet title against the claims of Defendant US Bank along with Defendant SPS and void the unlawful foreclosure sale.

20. Defendant US Bank is seeking to hold themselves out as the fee simple owners of the subject property by stealing any interest that Plaintiff had while having Defendant SPS lead Plaintiff into a faux loan modification opportunity.

21. Plaintiffs seeks to void Defendant US. Bank foreclosure sale scheduled for May 25, 2018 at the Orange County Court House, Exhibit C.

22. Plaintiffs seeks to quiet title the subject property.

23. Plaintiffs therefore seeks a judicial declaration that the title in the Subject Property is vested in the Plaintiff alone and that Defendants, herein, and each of them be declared to have no estate, right, title, or interest in the Subject Property, adverse

4

to Plaintiff herein.

## Count II

(FORGERY, FALSE ALTERATION)

24. Plaintiffs re-alleges and incorporates herein by reference to the preceding allegations, as though herein fully set forth.

25. Plaintiff complains that Defendants committed the Class C Felony of Forgery & False Alteration, punishable upon conviction of violation of RCW 9A.60.010, 9A.60.020(3) and RCW 9A.60.030(1) because the conduct constituting the offense was engaged in, authorized, solicited, requested, commanded or knowingly tolerated by a high managerial agent acting within the scope of the agent's employment and in behalf of the corporations..

26. Plaintiff complains that Defendants may have acted knowingly with the purpose to defraud, used as genuine or transferred with the knowledge or belief that it would be used as genuine, a writing, knowing that it had been made or authenticated so that it purported to have been made by another, or that it had been made by authority of one who did not give such authority and that it was also knowingly done so

27. A person is guilty, with intent to injure or defraud: (a) He or she falsely makes, completes, or alters a written instrument or; (b) He or she possesses, utters, offers, disposes of, or puts off as true a written instrument which he or she knows to be forged In a proceeding under this section that is related to an identity theft under RCW 9.35.020, the crime will be considered to have been committed in any locality where the person whose means of identification or financial information was

5

appropriated resides, or in which any part of the offense took place, regardless of whether the defendant was ever actually in that locality. Forgery is a class C felony.

28. That according to RCW 9A.60.030(1) A person is guilty of obtaining a signature by deception or duress if by deception or duress and with intent to defraud or deprive he or she causes another person to sign or execute a written instrument, Obtaining a signature by deception or duress is a class C felony.

## COUTN III

### (VIOLATION OF FDCPA PROHIBITED ACTS § 809 15 USC 1692)

29. Plaintiff allege "Violations of the FDCPA § 809 15 USC 1692" against him, and re-alleges and incorporates herein by reference to the preceding allegations, as though herein fully set forth.

30. Under the Fair Debt Collection Practices Act § 809. [15 USC 1692], the Defendants must show proof positive that Plaintiff owes them this debt.

31. It's not enough to send Plaintiffs a computer generated printout of the debt. There is an opinion / ruling from the Federal Trade Commission to support this, and can be electronically access at http://www.ftc.gov/os/statutes/fdcpa/letters/wollman.htm:

32. Defendants must provide plaintiff with a complete payment history, starting with The original creditor What the amount of the debt, if any was when it was assigned each time it was assigned, and what fees and or interest has been added on to a debt, if any , and how the fees, if any, were determined, and by whom. This requirement was established by the case Fields v Wilber Law Firm. Donald L. Wilber, USCA-02-C-0072. 7th Circuit Court, September 2004.

6

33. Defendants must provide Plaintiff with a copy of the original signed loan agreement establishing the debt between Plaintiff and Defendant, if any.

34. If Defendants cannot validate the debt, providing the above required and requested information; "Defendants", and all of them, are not allowed to collect the debt, "Defendants" and all of them are not allowed to contact Plaintiff about the debt, and "Defendants", are also not allowed to report it under the Fair Credit Reporting Act (FCRA).

35. Doing so is a violation of the FCRA, and the FDCPA states that Plaintiff can sue for damages for any violation of the Act.  It also states that Plaintiff can sue in Federal or State Court for each reported violation.

36. That the "Defendants" willfully violated the FDCPA, and Plaintiff has suffered damages.  The stress and the fear that has been on his family has been so severe that fighting depression has become a daily battle.  Plaintiffs' work performance has declined drastically to the point that he is not sure how he is able to even maintain his employment.

37. That as a direct and proximate result and consequence of the "Defendants", and their conduct, the Plaintiffs has suffered mental anguish as a consequence of such wrongful and outrageous conduct of the Defendants as herein alleged.

38. Further, both Plaintiffs have suffered humiliation, degradation, and incurred expenses.

39. WHEREFORE, the "Plaintiffs" pray for an award or Judgment in an amount of no less than twice the appraised value of the subject property as to Plaintiffs in general damages from each Defendant; and an additional award of punitive

7

and/or exemplary damages from each Defendant in an amount of $500,000.00 or as the court or jury shall deem to be fair and just at the time of trial of this cause of action, as to Plaintiffs from and against each Defendant, plus interest, cost, and attorney fees as allowed by law.

40.

## COUNT IV

(INJUNCTION AGAINST FORECLOSURE SALE)

41. Plaintiffs re-alleges and incorporates herein by reference to the preceding allegations, as though herein fully set forth.

42. AS OF THE FILING OF THIS COMPLAINT, PLAINTIFFS HAVE POSSESSION OF **28 JAMES CLARK DRIVE, MIDDLETOWN, NY 10940** AND DEFENDANTS HAVE SET A FORCLOSURE SALE SCHEDULED FOR MAY 25, 2018. Plaintiff states that immediate and irreparable harm will come to the him and his family as a result of the above wrongfully conduct of the Defendants, unless this Honorable Court issues an Emergency Order to enjoining the transfer, disposal or sale of plaintiffs property until further order of this court and/or an Order staying any lower court judgment/order of eviction or writ or order to eviction. Defendants have listed said property on a public notice of sale. Plaintiff asserts his claim against any and all heirs, assignees, purchasers now referred to as "John Doe, alleged purchaser from the alleged auction.

RELIEF

43. WHEREFORE, THE Plaintiff reserves the right to amend this Complaint during the pendency of this action and,

8

A. Grant a preliminary injunction to enjoin the disposal, sale or transfer of property located at 28 James Clark Drive, Middletown NY 10940 while pending further order of this court of disposition of this case.

B. Pray for an award or Judgment in an amount of no less than twice the $340,000.00 appraised value of Plaintiffs property as to Plaintiff in general damages, from each defendant; and

C. Cease the Orange County Court and Local Police be enjoined from any actions during the pendency of this case;

D. An additional award of punitive and/or exemplary damages from each Defendant in an amount of $100,000.00 or as the court or jury shall deem to be fair and just at the time of trial of this cause of action,

E. That Plaintiff is awarded from and against each defendant, plus interest, cost and fees as allowed by law.

F. For an Order reverting the home to the plaintiff or monetary relief equivalent to the value of the home, both structural and land and all appurtenance thereto

G. For an Order Quieting Title in favor of the Plaintiff.

H. For an Order that the Foreclosure Judgment be declared a nullity;

I. For an Order compelling said Defendants, and each of them, to transfer legal title of the subject property to Plaintiff herein

J. For a judgment forever enjoining said Defendants, and each of them, from claiming any estate, right, title or interest in the subject property;

K. For costs of suit herein incurred;

9

L.  For an Order that a Cancellation of foreclosure auction scheduled for May 25, 2018 be immediately recorded in the orange County Recorder's Office by Defendants post haste.

M.  For TILA and RESPA Daily Rate plus triple damages.

N.  For Injunctive relief against the Defendants.

O.  For a jury trial; and

P.  For such other and further relief as the court may deem proper

Q.  Plaintiff(s) reserve the right to amend the complaint upon notice to this Honorable Court.

DATED: _5-22-2018_ _____

Michael L Dottin, Plaintiff in Pro Per

10

# EXHIBIT A:

# JUDGMENT OF FORECLOSURE

# AND SALE (1ST PAGE)

At a Motion Term of the Supreme Court of the State of New York held in and for the County of Orange, at the Courthouse, at Goshen, New York, on _____, 2017.

Present: Hon. Maria S. Vazquez-Doles, J.S.C.

U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2006-HE9, Asset-Backed Certificates Series 2006-HE9,

                                   Plaintiff,

        -against-

Michael Dottin a/k/a Michael L. Dottin; Solarcity Corporation; New York State Department of Taxation and Finance,

                                   Defendants.

**JUDGMENT OF FORECLOSURE AND SALE**

Index No. 2016-007414

Our File No.: 16-056294

Premises:
28 James Clark Drive
Middletown, NY 10940

**Section 6 Block 2 Lot 1**

ON the Summons and Complaint duly filed in this action on November 1, 2016, on the Notice of Pendency duly filed on November 1, 2016, on the Additional Notice of Pendency filed on February 10, 2017 and on all proceedings thereon; and on reading the Affirmation of Regularity of Alexander Phengsiaroun, Esq. dated December 20, 2017, showing that all Defendant(s) were duly served pursuant to the laws of the State of New York with a copy of the Summons in this action, or have voluntarily appeared by their respective attorneys; and on the proof of service upon and appearance, if any, by the Defendant(s) herein heretofore filed in this action, stating that more than the legally required number of days have elapsed since said Defendant(s) were so served; and that none of the Defendant(s) has served an Answer to said Complaint, nor has their time to do so been extended, except for Defendant, SolarCity Corporation whose answer was stricken by an order of this Court.; and, it appearing that none of the defendants are infants, incompetents or absentees; it appearing that since the filing of

# EXHIBIT B:

# ACKNOWLEDGMENT AND AGREEMENT

# Acknowledgment and agreement

I/We understand that I/we will be considered for all mortgage assistance options available to me/us, including federal government programs as appropriate. I/We certify as follows:

1. That all of the information in this affidavit is true and accurate and the events identified are the reason that I/we need to request a modification of the terms of my/our mortgage, short sale or deed in lieu of foreclosure.

2. I/We understand that the Servicer may pull a current credit report on all borrowers obligated on the Note.

3. I/We understand that if I/we have intentionally defaulted on my/our existing mortgage, engaged in fraud, or misrepresented any fact(s) in connection with this document, the Servicer may cancel any Agreement and may pursue foreclosure on my/our home and/or pursue any available legal remedies.

4. I/We understand to be considered for certain government programs my/our property must be owner-occupied. I/We certify that: My/our property is owner occupied and we intend to reside in this property for the next 12 months; I/we are willing and committed to the support of the monthly mortgage payments, I/we have not received a condemnation notice and there has been no change in the ownership of this property since I/we signed the documents for the mortgage that we want to modify.

5. I/We are willing to provide all requested documents and to respond to all Servicer questions in a timely manner.

6. I/We understand that the Servicer will use the information in this document to evaluate my/our eligibility for a loan modification, short sale or deed in lieu of foreclosure, but the Servicer is not obligated to offer me/us assistance based solely on the statements in this document.

7. I/We are willing to commit to credit counseling if it is determined that my/our financial hardship is related to excessive debt.

8. If I/we are eligible for a modification, repayment plan, or forbearance plan, and I/we accept and agree to all terms of such plan, I/we also agree that the terms of this acknowledgment and agreement are incorporated into such plan by reference as if set forth in such plan in full.

9.

10. My/Our first timely payment following my/our Servicer's determination and notification of my/our eligibility for prequalification for a modification, repayment plan, or forbearance plan (when applicable) will serve as acceptance of the terms set forth in the notice sent to me that sets forth the terms and conditions of the modification, repayment plan, or forbearance plan.

11. I/We agree that when the Servicer accepts and posts a payment during the term of any repayment plan, modification, or forbearance plan, it will be without prejudice to, and will not be deemed a waiver of, the acceleration of my/our loan or foreclosure action and related activities and shall not constitute a cure of my/our default under my/our loan unless such payments are sufficient to completely cure my/our entire default under my/our loan.

12. I/We agree that any prior waiver of an escrow account requirement for this loan may be revoked and an escrow account may be established, upon execution of this agreement, and in accordance with investor guidelines.

13. I/We understand that the Servicer will collect and record personal information, including, but not limited to, my/our names, address, telephone number, Social Security numbers, credit score, income, payment history, government monitoring information, and information about account balances and activity. I/We understand and consent to the disclosure of my/our personal information to (a) any investor, insurer, guarantor or Servicer that owns, insures, guarantees, or services my/our first lien or subordinate lien (if applicable) mortgage loan(s); (b) companies and/or individuals that perform support services in conjunction with home preservation mortgage assistance efforts; (c) auditors, including but not limited to independent auditors, regulators, and agencies; and (d) any HUD-certified housing counselor.

14. I/We understand that the Servicer may investigate the accuracy of my/our statements, including contacting my/our employer(s) for verification of employment and/or salary information, may require me/us to provide supporting documentation, and that knowingly submitting false information may violate federal law and may result in foreclosure.

Borrower signature(s)
The undersigned certifies under penalty of perjury that all statements in this document are true and correct.

Borrower's signature

Date (MM/DD/YYYY)

Co-borrower's signature

Date (MM/DD/YYYY)

# EXHIBIT C:

# NOTICE OF FORECLOSURE SALE

# NOTICE OF SALE

SUPREME COURT COUNTY OF <u>ORANGE</u>

U.S. Bank. N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2006-HE9. Asset-Backed Certificates Series 2006-HE9, Plaintiff

AGAINST

Michael Dottin a/k/a Michael L. Dottin; et al., Defendant(s)


Pursuant to a Judgment of Foreclosure and Sale duly dated February 9, 2018 I, the undersigned Referee will sell at public auction at the Third Floor Lobby/Foreclosure Sales Area of the New Orange County Supreme Court, 285 Main Street, Goshen NY on May 25, 2018 at 10:30AM, premises known as 28 James Clark Drive, Middletown, NY 10940. All that certain plot piece or parcel of land, with the buildings and improvements erected, situate, lying and being in the Town of Wallkill, County of Orange, State of NY, Section 6 Block 2 Lot 1. Approximate amount of judgment $544,682.17 plus interest and costs. Premises will be sold subject to provisions of filed Judgment Index# 2016-007414.


Jason Sautter, Esq., Referee

Shapiro, DiCaro & Barak, LLC
Attorney(s) for the Plaintiff
175 Mile Crossing Boulevard
Rochester, New York 14624
(877) 759-1835

Dated: April 9, 2018